UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

IVOCLAR VIVADENT AG, and
IVOCLAR VIVADENT INC.,

                    Plaintiffs,

          v.                              Civil No.  1:23-cv-1278

UPCERA DENTAL AMERICA INC.,

                    Defendant.

_____


## **COMPLAINT**

Ivoclar Vivadent AG ("Ivoclar AG") and Ivoclar Vivadent, Inc.

("Ivoclar Inc.") (collectively, the "Plaintiffs"), for their Complaint against Upcera Dental

America Inc. ("Upcera"), allege as follows:


### **The Parties**

1.       Ivoclar AG is a Liechtenstein company with a principal place of

business at Bendererstrasse 2, 9494 Schaan, Liechtenstein. It is a leading developer and

supplier of dental products around the world.


2.       Ivoclar Inc., a wholly-owned subsidiary of Ivoclar AG, is a

Delaware corporation with a principal place of business at 175 Pineview Drive, Amherst,

New York 14228, which is within this judicial district. Ivoclar Inc. is a leading developer

and supplier of dental products.

3.      Upon information and belief, Upcera is a California corporation with a principal place of business at 13100 Alondra Blvd. #105, Cerritos, California 90703. Upcera manufactures, imports, and sells dental products for distribution throughout the United States, including in New York and in this judicial district.

## Jurisdiction and Venue

4.      This is a trademark and patent infringement action brought under the trademark laws of the United States, including 15 U.S.C. Sections 1114, 1121(a), and 1125(a), and the patent laws of the United States, 35 U.S.C. Section 101, *et seq*., including 35 U.S.C. Section 271.

5.      Ivoclar Inc. seeks damages for trademark infringement and an injunction precluding Upcera from using and infringing Ivoclar Inc.'s trademark. The Plaintiffs also seek damages for patent infringement and an injunction precluding Upcera from making, using, importing, selling, or offering to sell, and from inducing others to make, use, import, sell, or offer to sell, the Plaintiffs' patented technology.

6.      This Court has subject matter jurisdiction under 28 U.S.C. Sections 1331 and 1338(a) and 15 U.S.C. Sections 1121(a) and 1125.

7.      This Court has personal jurisdiction over Upcera because, among other reasons, Upcera regularly does and solicits business in New York and in this judicial district. Upcera markets, advertises, and sells in New York and in this judicial district goods that infringe Ivoclar Inc.'s trademark, as alleged below. Upcera has imported, sold, and offered to sell products in New York and in this judicial district that infringe the patents-in-suit, as alleged below. Upcera also manages and controls an

interactive website that enables and encourages customers, including those residing in New York and in this judicial district, to purchase goods that infringe Ivoclar Inc.'s trademark and patents. Upcera has purposefully availed itself of the privilege of doing business in New York and in this judicial district. Upcera's misconduct has caused harm to the Plaintiffs in this judicial district, as Ivoclar Inc. is located here.

8.     Venue in this district is proper under 28 U.S.C. Sections 1400 and 1391(b)(2). Upcera has committed acts of trademark infringement and patent infringement in this district. Upcera's misconduct has caused harm to the Plaintiffs in this judicial district, as Ivoclar Inc. is located here.

## FACTS

### I.     Ivoclar Inc.'s Mark

9.     Ivoclar Inc. owns a trademark for the color purple for use on dental ceramics in milling block form (the "Purple Mark").

10.     Ivoclar Inc. obtained a federal trademark registration for the Purple Mark under U.S. Registration No. 4,815,646 on September 22, 2015. A copy of the registration is attached as **Exhibit 1**.

11.     Pursuant to 15 U.S.C. § 1057(b), the registration certificate for the Purple Mark constitute *prima facie* evidence of the validity of the registration of Ivoclar Inc.'s ownership of the trademark set forth therein, and of Ivoclar Inc.'s exclusive right to use that trademark in commerce and in connection with the products and services specified in the registration certificates.

12.    Ivoclar Inc. has used the Purple Mark in U.S. interstate commerce since at least as early as November 2005, and it has the exclusive right to use the Purple Mark, nationwide, on its dental ceramic products. Ivoclar Inc. markets, advertises, offers for sale, and sells dental ceramics products in connection the Purple Mark. The Purple Mark has acquired distinction, reputation, and goodwill belonging exclusively to Ivoclar.

13.    Ivoclar Inc. has invested substantial resources to develop, grow, and promote its Purple Mark. As a direct result of Ivoclar Inc.'s continuous and exclusive use of the Purple Mark, it has become widely known and recognized in the industry as Ivoclar Inc.'s trademark and as a strong indicator of the source of Ivoclar Inc.'s goods.

14.    By virtue of Ivoclar Inc.'s methods, the duration and scope of its use of the Purple Mark, the expenditure of considerable sums for promotional activities, and by virtue of the excellence of its goods, Ivoclar Inc. has obtained for the Purple Mark a most valuable reputation. The Purple Mark, and the respective goods, have gained substantial recognition and goodwill in the marketplace.

15.    The Purple Mark is strong and distinctive and designates Ivoclar Inc. as the source of all goods and services advertised, marketed, sold, or used in connection with the mark in the United States. In addition, by virtue of Ivoclar Inc.'s use of the Purple Mark in connection with its products, and its extensive marketing, advertising, promotion, and sale of its products under that mark, the Purple Mark has acquired secondary meaning whereby the consuming public of this District, the State of New York, and the United States associate the Purple Mark with a single source of products and services.

16.     Ivoclar Inc. is the senior user of the Purple Mark because it used that mark in interstate commerce prior to any use by Upcera.

**II.     The Plaintiffs' Patents**

17.     On January 8, 2008, the United States Patent and Trademark Office (the "USPTO") issued U.S. Patent No. 7,316,740 (the "'740 Patent"), entitled "Lithium Silicate Materials." A copy of the '740 Patent is attached as **Exhibit 2.**

18.     Ivoclar AG is the owner of all right, title, and interest in the '740 Patent.

19.     Ivoclar Inc. is an exclusive licensee of the '740 Patent, with the right to enforce the '740 Patent. Ivoclar Inc. acts as the exclusive marketer and seller of products that embody the '740 Patent in the United States.

20.     The '740 Patent discloses and claims, among other things, a lithium silicate glass ceramic material and a lithium silicate glass.

21.     On November 18, 2008, the USPTO issued U.S. Patent No. 7,452,836 (the "'836 Patent"), entitled "Lithium Silicate Glass Ceramic." A copy of the '836 Patent is attached as **Exhibit 3.**

22.     Ivoclar AG is the owner of all right, title, and interest in the '836 Patent.

23.    Ivoclar Inc. is an exclusive licensee of the '836 Patent, with the right to enforce the '836 Patent. Ivoclar Inc. acts as the exclusive marketer and seller of products that embody the '836 Patent in the United States.

24.    The '836 Patent discloses and claims, among other things, a lithium silicate glass ceramic.

25.    On January 18, 2011, the USPTO issued U.S. Patent No. 7,871,948 (the "'948 Patent"), entitled "Lithium Silicate Glass Ceramic." A copy of the '948 Patent is attached as **Exhibit 4.**

26.    Ivoclar AG is the owner of all right, title, and interest in the '948 Patent.

27.    Ivoclar Inc. is an exclusive licensee of the '948 Patent, with the right to enforce the '948 Patent. Ivoclar Inc. acts as the exclusive marketer and seller of products that embody the '948 Patent in the United States.

28.    The '948 Patent discloses and claims, among other things, a process for the preparation of a lithium silicate glass ceramic wherein lithium metasilicate is the main crystalline phase.

29.    On November 1, 2011, the USPTO issued U.S. Patent No. 8,047,021 (the "'021 Patent"), entitled "Lithium Silicate Materials." A copy of the '021 Patent is attached as **Exhibit 5.**

30.     Ivoclar AG is the owner of all right, title, and interest in the '021 Patent.

31.     Ivoclar Inc. is an exclusive licensee of the '021 Patent, with the right to enforce the '021 Patent. Ivoclar Inc. acts as the exclusive marketer and seller of products that embody the '021 Patent in the United States.

32.     The '021 Patent discloses and claims, among other things, a process for the preparation of a lithium silicate blank.

33.     On May 21, 2013, the USPTO issued U.S. Patent No. 8,444,756 (the "'756 Patent"), entitled "Lithium Silicate Materials." A copy of the '756 Patent is attached as **Exhibit 6**.

34.     Ivoclar AG is the owner of all right, title, and interest in the '756 Patent.

35.     Ivoclar Inc. is an exclusive licensee of the '756 Patent, with the right to enforce the '756 Patent. Ivoclar Inc. acts as the exclusive marketer and seller of products that embody the '756 Patent in the United States.

36.     The '756 Patent discloses and claims, among other things, a machinable lithium silicate dental glass-ceramic article.

37.     On September 6, 2016, the USPTO issued U.S. Patent No. 9,434,639 (the "'639 Patent"), entitled "Lithium Silicate Materials." A copy of the '639 Patent is attached as **Exhibit 7**.

38.     Ivoclar AG is the owner of all right, title, and interest in the '639 Patent.

39.     Ivoclar Inc. is an exclusive licensee of the '639 Patent, with the right to enforce the '639 Patent. Ivoclar Inc. acts as the exclusive marketer and seller of products that embody the '639 Patent in the United States.

40.     The '639 Patent discloses and claims, among other things, a lithium silicate glass ceramic for dental restorations.

41.     On June 28, 2022, the USPTO issued U.S. Patent No. 11,369,460 (the "'460 Patent"), entitled "Lithium Silicate Materials." A copy of the '460 Patent is attached as **Exhibit 8**.

42.     Ivoclar AG is the owner of all right, title, and interest in the '460 Patent.

43.     Ivoclar Inc. is an exclusive licensee of the '460 Patent, with the right to enforce the '460 Patent. Ivoclar Inc. acts as the exclusive marketer and seller of products that embody the '460 Patent in the United States.

44.    The '460 Patent discloses and claims, among other things, lithium silicate dental glass-ceramic articles for producing dental restorations.

### III.    Upcera's Trademark and Patent Infringement

45.    Ivoclar Inc. has never authorized Upcera to use Ivoclar Inc.'s Purple Mark.

46.    Nevertheless, Upcera has knowingly and willfully violated Ivoclar Inc.'s rights in the distinctive Purple Mark by using the Purple Mark in commerce and by marketing, advertising, offering to sell, selling, and distributing certain lithium silicate ceramic materials in connection with the Purple Mark. Below are images of an Ivoclar lithium silicate product and an Upcera lithium silicate product:





**Ivoclar**                                          **Upcera**

   

**Ivoclar**                 **Upcera**

47.     Plaintiffs has never authorized Upcera to import, make, offer to sell, or sell products that embody the inventions of the '740, '836, '948, '021, '756, '639, or '460 Patents.

48.     Nevertheless, Upcera has knowingly and willfully violated Plaintiffs' patent rights by importing, making, offering to sell, and selling certain lithium silicate ceramic materials, including but not limited to, Upcera's UP.CAD lithium silicate product line, which infringe the '740, '836, '948, '021, '756, '639, and '460 Patents.

49.     Upon information and belief, Upcera also has made private label versions of lithium silicate products for sale by third parties under other brand names, such as, for example, lithium silicate products sold under the brand name "Supreme" or "Supreme.CAD."

50.     These private label products, including the "Supreme" or "Supreme.CAD" products, infringe the Purple Mark.

51.     These private label products, including the "Supreme" or "Supreme.CAD" products, infringe the '740, '836, '948, '021, '756, '639, and '460 Patents.

**First Claim for Relief Against Upcera**
**(Trademark Infringement (15 U.S.C. Section 1114))**

52.     Ivoclar Inc. repeats and realleges the allegations in paragraphs 1-51.

53.     Upcera has infringed the Purple Mark by marketing, advertising, offering for sale, selling, and distributing certain lithium silicate ceramic materials in connection with the Purple Mark.

54.     Upcera does not have authorization, license, or permission from Ivoclar Inc. to market, advertise, offer for sale, sell, or distribute goods in connection with the Purple Mark or to otherwise use the Purple Mark.

55.    Upcera's use of the Purple Mark in connection with the marketing, advertising, offering for sale, sale, and distribution of goods is likely to cause confusion, mistake, or deception in the marketplace.

56.    Upcera's infringing use violates Section 32 of the Lanham Act, 15 U.S.C. § 1114, because it constitutes willful and deliberate use in commerce of reproductions, copies, and/or colorable imitations of Ivoclar Inc.'s federally registered Purple Mark in connection with the sale, offering for sale, distribution, and advertising of Upcera's services in a manner likely to cause confusion, mistake, and deception.

57.    As a direct and proximate result of Upcera's wrongful conduct, Ivoclar Inc. has been, and will continue to be, damaged.

58.    Unless an injunction is issued precluding any continuing or future use by Upcera of the Purple Mark, such continuing or future use is likely to continue to cause confusion, mistake, or deception as to the source or origin of goods, or as to the affiliation, association, or sponsorship by Ivoclar Inc. of Upcera.

59.    Upon information and belief, Upcera had actual knowledge of the Purple Mark. Upcera was on constructive notice of this mark based on the federal registrations for the mark and Ivoclar Inc.'s use of the mark in interstate commerce. As a result, Upcera's unauthorized use of such mark on, and in connection with, the marketing, advertising offering for sale, selling, and/or distributing of goods has been knowing, intentional, and willful.

60. Upcera's activities have caused, and will continue to cause, irreparable harm to Ivoclar Inc., for which there is no adequate remedy at law, in that: (i) the Purple Mark comprises unique and valuable property rights; (ii) Upcera's infringement interferes with and impinges on Ivoclar Inc.'s goodwill and customer relationships and will substantially harm Ivoclar Inc.'s reputation as a source of high-quality goods and services; and (iii) Upcera's wrongful conduct, and the damages resulting to Ivoclar Inc., are continuing. Accordingly, Ivoclar Inc. is entitled to injunctive relief.

61. Pursuant to 15 U.S.C. Section 1117(a), Ivoclar Inc. is entitled to an order: (i) requiring Upcera to account for any and all profits derived from its actions, to be increased in accordance with applicable provisions of law; and (ii) awarding all damages sustained by Ivoclar Inc. that were caused by Upcera's conduct.

62. Upcera's actions make this an exceptional case under 15 U.S.C. Section 1117(a), and Ivoclar Inc. is entitled to an award of attorneys' fees.

**Second Claim for Relief Against Upcera**
**(Unfair Competition/False Designation of Origin (15 U.S.C. Section 1125(a))**

63. Ivoclar Inc. repeats and realleges the allegations set forth in paragraphs 1-62.

64. The Purple Mark is strong and distinctive and designates Ivoclar Inc. as the source of all goods and services advertised, marketed, sold, or used in connection with the mark. In addition, by virtue of Ivoclar Inc.'s use of the Purple Mark in connection with its products, and its extensive marketing, advertising, promotion, and

sale of its products under that mark, the Purple Mark has acquired secondary meaning whereby the consuming public of this District, the State of New York, and the United States associate the Purple Mark with a single source of products and services.

65. Ivoclar Inc. is the senior user of the Purple Mark, because it began using, and continues to use, the mark in interstate commerce prior to any use by Upcera of the Purple Mark.

66. Upon information and belief, through its unauthorized use of the Purple Mark, Upcera intended to, and did in fact, confuse and mislead consumers into believing, and misrepresented and created the false impression, that Ivoclar Inc. somehow authorized, originated, sponsored, approved, licensed, or participated in Upcera's use of the Purple Mark.

67. In fact, there is no connection, association, or licensing relationship between Ivoclar Inc. and Upcera, nor has Ivoclar Inc. ever authorized, licensed, or given permission to Upcera to use the Purple Mark.

68. Upcera's unauthorized use of the Purple Mark will likely cause confusion as to the origin, sponsorship, approval, and authenticity of goods, and any related services, and will likely cause others to believe mistakenly that there is a relationship, affiliation, connection, or association between Upcera and Ivoclar Inc.

69. Upcera's infringing use violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendant has willfully and deliberately used in commerce words, terms, names, and/or false designations of origin that have caused confusion and mistake

as to the origin, sponsorship, or approval by Ivoclar Inc. of goods and services promoted by Upcera.

72.     Upcera's conduct constitutes unfair competition, false designation of origin, and infringement of Ivoclar Inc.'s Purple Mark.

71.     As a direct and proximate result of Upcera's wrongful conduct, Ivoclar Inc. has been, and will continue to be, damaged.

72.     Upcera's activities have caused, and will continue to cause, irreparable harm to Ivoclar Inc., for which there is no adequate remedy at law, in that: (i) the Purple Mark comprise unique and valuable property rights; (ii) Upcera's infringement interferes with and impinges on Ivoclar Inc.'s goodwill and customer relationships and will substantially harm Ivoclar Inc.'s reputation as a source of high-quality goods and services; and (iii) Upcera's wrongful conduct, and the damages resulting to Ivoclar Inc., are continuing. Accordingly, Ivoclar Inc. is entitled to injunctive relief.

**Third Claim for Relief Against Upcera**
**(Common Law Trademark Infringement)**

73.     Ivoclar Inc. repeats and realleges the allegations set forth in paragraphs 1-72.

74.     Upcera's unauthorized use of the Purple Mark constitutes trademark infringement and unfair competition under common law.

75.     Ivoclar Inc. is the prior user of the Purple Mark, and Upcera's willful and deliberate use of the Purple Mark in commerce is likely to cause, and may have already caused, confusion, mistake, and deception as to origin, sponsorship, or approval by Ivoclar Inc.

76.     Upcera's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

77.     Upcera's unlawful conduct has and will continue to cause irreparable damage to Ivoclar Inc., for which Ivoclar Inc. has no adequate remedy at law.

78.     Unless enjoined, Upcera will continue the conduct, further injuring Ivoclar Inc. and confusing the public.

79.     Upcera has received revenues and profits as a result of its unlawful conduct, to which Upcera is not entitled, and Ivoclar Inc. has also suffered damages as a result of such unlawful conduct, for which Upcera is responsible.

### Fourth Claim for Relief Against Upcera
### (Patent Infringement of the '740 Patent)

80.     The Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-79.

81.     On January 8, 2008, the USPTO issued the '740 Patent.

82.     Ivoclar AG is the owner of all right, title, and interest in the '740 Patent.

83.     Ivoclar Inc. is an exclusive licensee of the '740 Patent, with the right to enforce the '740 Patent. Ivoclar Inc. acts as the exclusive marketer and seller of products that embody the '740 Patent in the United States.

84.     Upcera has infringed and continues to infringe at least claims 1-2, 4-8, and 11 of the '740 Patent by making, using, importing, selling, and/or offering for sale, in this district and elsewhere, certain machinable lithium silicate dental glass-ceramic articles, including but not limited to, Upcera's UP.CAD lithium silicate product line, without the Plaintiffs' consent or permission.

85.     Upcera's infringement has been, and continues to be knowing, intentional, and willful.

86.     As a result of Upcera's infringing activities, the Plaintiffs have sustained damages in an amount to be proven at trial.

87.     Upcera will continue its infringing activities unless and until it is restrained and enjoined by this Court.

88.     Upcera's infringing activities have caused, and will continue to cause, the Plaintiffs irreparable harm for which there is no adequate remedy at law.

**Fifth Claim for Relief against Upcera**
**(Patent Infringement of the '836 Patent)**

89.     The Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-88.

90.     On November 18, 2008, the USPTO issued the '836 Patent.

91.     Ivoclar AG is the owner of all right, title, and interest in the '836 Patent.

92.     Ivoclar Inc. is an exclusive licensee of the '836 Patent, with the right to enforce the '836 Patent. Ivoclar Inc. acts as the exclusive marketer and seller of products that embody the '836 Patent in the United States.

93.     Upcera has infringed and continues to infringe at least claims 1-3, 7-13, 15, 17, 19, and 21-23 of the '836 Patent by making, using, importing, selling, and/or offering for sale, in this district and elsewhere, certain machinable lithium silicate dental glass-ceramic articles, including but not limited to, Upcera's UP.CAD lithium silicate product line, and by practicing a method used to create blanks for producing dental prostheses, without the Plaintiffs' consent or permission.

94.     As a result of Upcera's infringing activities, the Plaintiffs have sustained damages in an amount to be proven at trial.

95.     Upcera will continue its infringing activities unless and until it is restrained and enjoined by this Court.

96.     Upcera's infringing activities have caused, and will continue to cause, the Plaintiffs irreparable harm for which there is no adequate remedy at law.

## Sixth Claim for Relief against Upcera
## (Patent Infringement of the '948 Patent)

97.     The Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-96.

98.     On January 18, 2011, the USPTO issued the '948 Patent.

99.     Ivoclar AG is the owner of all right, title, and interest in the '948 Patent.

100.     Ivoclar Inc. is an exclusive licensee of the '948 Patent, with the right to enforce the '948 Patent. Ivoclar Inc. acts as the exclusive marketer and seller of products that embody the '948 Patent in the United States.

101.     Upcera has infringed and continues to infringe at least claims 1-2, 8, 13-14, 16-23, and 27-29 of the '948 Patent by making, using, importing, selling, and/or offering for sale, in this district and elsewhere, certain machinable lithium silicate dental glass-ceramic articles, including but not limited to, Upcera's UP.CAD lithium silicate product line, and by practicing a method used to create blanks for producing dental prostheses, without the Plaintiffs' consent or permission.

102.     As a result of Upcera's infringing activities, the Plaintiffs have sustained damages in an amount to be proven at trial.

103.     Upcera will continue its infringing activities unless and until it is restrained and enjoined by this Court.

104.     Upcera's infringing activities have caused, and will continue to

- 19 -

cause, the Plaintiffs irreparable harm for which there is no adequate remedy at law.

**Seventh Claim for Relief against Upcera**
**(Patent Infringement of the '021 Patent)**

105.    The Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-104.

106.    On November 1, 2011, the USPTO issued the '021 Patent.

107.    Ivoclar AG is the owner of all right, title, and interest in the '021 Patent.

108.    Ivoclar Inc. is an exclusive licensee of the '021 Patent, with the right to enforce the '021 Patent. Ivoclar Inc. acts as the exclusive marketer and seller of products that embody the '021 Patent in the United States.

109.    Upcera has infringed and continues to infringe at least claims 1 and 5-18 of the '021 Patent by making, using, importing, selling, and/or offering for sale, in this district and elsewhere, certain machinable lithium silicate dental glass-ceramic articles, including but not limited to, Upcera's UP.CAD lithium silicate product line,, without the Plaintiffs' consent or permission.

110.    As a result of Upcera's infringing activities, the Plaintiffs have sustained damages in an amount to be proven at trial.

111.    Upcera will continue its infringing activities unless and until it is restrained and enjoined by this Court.

112.    Upcera's infringing activities have caused, and will continue to

cause, the Plaintiffs irreparable harm for which there is no adequate remedy at law.

## Eighth Claim for Relief against Upcera
### (Patent Infringement of the '756 Patent)

113.    The Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-112.

114.    On May 21, 2013, the USPTO issued the '756 Patent.

115.    Ivoclar AG is the owner of all right, title, and interest in the '756 Patent.

116.    Ivoclar Inc. is an exclusive licensee of the '756 Patent, with the right to enforce the '756 Patent. Ivoclar Inc. acts as the exclusive marketer and seller of products that embody the '756 Patent in the United States.

117.    Upcera has infringed and continues to infringe at least claims 1-2, 5-7, 9, 11, and 15 of the '756 Patent by making, using, importing, selling, and/or offering for sale, in this district and elsewhere, certain machinable lithium silicate dental glass-ceramic articles, including but not limited to, Upcera's UP.CAD lithium silicate product line, and by practicing a method used to create blanks for producing dental prostheses, without the Plaintiffs' consent or permission.

118.    As a result of Upcera's infringing activities, the Plaintiffs have sustained damages in an amount to be proven at trial.

119.    Upcera will continue its infringing activities unless and until it is restrained and enjoined by this Court.

120.    Upcera's infringing activities have caused, and will continue to cause, the Plaintiffs irreparable harm for which there is no adequate remedy at law.

### Ninth Claim for Relief against Upcera
### (Patent Infringement of the '639 Patent)

121.    The Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-120.

122.    On September 6, 2016, the USPTO issued the '639 Patent.

123.    Ivoclar AG is the owner of all right, title, and interest in the '639 Patent.

124.    Ivoclar Inc. is an exclusive licensee of the '639 Patent, with the right to enforce the '639 Patent. Ivoclar Inc. acts as the exclusive marketer and seller of products that embody the '639 Patent in the United States.

125.    Upcera has infringed and continues to infringe at least claims 1, 3, and 7-9 of the '639 Patent by making, using, importing, selling, and/or offering for sale, in this district and elsewhere, certain machinable lithium silicate dental glass-ceramic articles, including but not limited to, Upcera's UP.CAD lithium silicate product line, and by practicing a method used to create blanks for producing dental prostheses, without the Plaintiffs' consent or permission.

126.    As a result of Upcera's infringing activities, the Plaintiffs have sustained damages in an amount to be proven at trial.

127.    Upcera will continue its infringing activities unless and until it is

restrained and enjoined by this Court.

128.    Upcera's infringing activities have caused, and will continue to cause, the Plaintiffs irreparable harm for which there is no adequate remedy at law.

**Tenth Claim for Relief against Upcera**
**(Patent Infringement of the '460 Patent)**

129.    The Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-128.

130.    On June 28, 2022, the USPTO issued the '460 Patent.

131.    Ivoclar AG is the owner of all right, title, and interest in the '460 Patent.

132.    Ivoclar Inc. is an exclusive licensee of the '460 Patent, with the right to enforce the '460 Patent. Ivoclar Inc. acts as the exclusive marketer and seller of products that embody the '460 Patent in the United States.

133.    Upcera has infringed and continues to infringe at least claims 1-3 and 9-10 of the '460 Patent by making, using, importing, selling, and/or offering for sale, in this district and elsewhere, certain machinable lithium silicate dental glass-ceramic articles, including but not limited to, Upcera's UP.CAD lithium silicate product line, and by practicing a method used to create blanks for producing dental prostheses, without the Plaintiffs' consent or permission.

134.    As a result of Upcera's infringing activities, the Plaintiffs have sustained damages in an amount to be proven at trial.

135.    Upcera will continue its infringing activities unless and until it is restrained and enjoined by this Court.

136.    Upcera's infringing activities have caused, and will continue to cause, the Plaintiffs irreparable harm for which there is no adequate remedy at law.

**<u>Jury Demand</u>**

137.    Plaintiffs demand trial by jury on all matters triable by jury.

**WHEREFORE**, the Plaintiffs are entitled to judgment with the following relief:

(1)    declaring that Upcera has infringed the Purple Mark and the Plaintiffs' patents;

(2)    granting an injunction, precluding Upcera, its officers, directors, agents, servants, employees, attorneys, subsidiaries, affiliates, and all those acting in concert with them, from infringing the Purple Mark and the Plaintiffs' patents;

(3)    ordering an accounting for damages arising from Upcera's acts of trademark and patent infringement.

(4)    awarding damages, including treble damages, under 35 U.S.C. Sections 284 and 285, with interest;

(5)    finding that Upcera's trademark and patent infringement is willful, that this is an exceptional case, and awarding special damages and reasonable attorneys' fees to the Plaintiffs; and

(6)    awarding such further relief as this Court deems proper.

Dated: December 8, 2023

**HODGSON RUSS LLP**
*Attorneys for Ivoclar Vivadent AG and*
*Ivoclar Vivadent Inc.*

By: s/Robert J. Fluskey, Jr.
      Robert J. Fluskey, Jr.
      rfluskey@hodgsonruss.com
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone: (716) 848-1688

- 25 -